[746 NYS2d 326]

In the Matter of JOHN WIRTH (Admitted as JOHN CHRISTOPHER WIRTH, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 19, 2002

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

Per Curiam.

The petitioner served the respondent with a petition dated May 15, 2000, containing 28 charges of professional misconduct. After a preliminary conference on October 24, 2000, and hearings on January 17, January 19, and July 12, 2001, the Special Referee sustained all charges except for Charges 24 through 26, which he dismissed.

The petitioner now moves to confirm the Special Referee's report with respect to Charges 1 through 23, 27, and 28, to disaffirm the report with respect to Charges 24 through 26, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation in opposition in which he asks the Court to disaffirm the findings of the Special Referee with respect to Charges 1 through 23, 27, and 28, to confirm the Special Referee's findings with respect to Charges 24, 25, and 26, and to limit any sanction to a public censure. The charges were amended by stipulation of the parties dated January 17, 2001.

All of the charges arise from the respondent's relationship with Reverend Henry Butler, on whose behalf the respondent was entrusted with approximately $210,000. The charges include failing to adequately protect his client's interest, in breach of the respondent's fiduciary duty, emanating from his withdrawal of funds from the Butler trust for nonmemorialized personal loans, and engaging in impermissible conflicts of interest.

Based on the evidence adduced, the Special Referee properly sustained Charges 1 through 23, 27, and 28, and improperly failed to sustain Charges 24, 25, and 26. Accordingly, the petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted, and all 28 charges of the petition are sustained.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the absence of any prior disciplinary history, the fact that he is 64 years old and has been admitted to the bar for almost 40 years, his inability to earn a living outside of the practice of the law, his close working relationship with the client, his assertion that he acted with the client's consent and without venal intent, his cooperation and expressed remorse, the testimony of character

witnesses, his attendant financial circumstances, the fact that the loans were repaid and restitution made without detriment to the client, and the fact that this matter was brought to the petitioner's attention other than by complaint of the client. The respondent advances the general argument that as trustee, he had discretionary authority with regard to investments to justify his actions.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FEUERSTEIN, JJ., concur.

Ordered that the motion to confirm in part and disaffirm in part the report of the Special Referee is granted and all 28 charges of the petition are sustained; and it is further,

Ordered that the respondent, John Wirth, is suspended from the practice of law for a period of three years, commencing September 18, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the three-year period upon furnishing satisfactory proof that during the said period he (a) has refrained from practicing or attempting to practice law, (b) has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John Wirth, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.